No. 949

First Circuit

STATE EX REL. NAVO v. BAYNARD, AUDITOR, ET AL.

(March 8, 1932. Opinion and Decree.)

Reynolds, Hamiter & Hendrick, of Shreveport, and Charles A. Holcombe, of Baton Rouge, attorneys for plaintiff, appellant.

Percy Saint, attorney general; Michael M. Irwin, of New Orleans, and George M. Wallace, of Baton Rouge, attorneys for defendant, appellee.

MOUTON, J. Plaintiff alleges that on January 1, 1931, he received a written commission from the state bureau of criminal identification which expired December 31, 1931, as appears by his commission attached to and made part of his petition.

His salary, he alleges, is fixed at $2,500 per annum, payable on his monthly warrant. He alleges that he received his salary for two months only from the date of the issuance of his commission; that is, for January and February, 1931.

At a salary of $2,500 per year, his monthly salary amounts to $208.33, as it is by him correctly alleged.

He alleges that he is entitled to this monthly salary from March 1, 1931, until he is dismissed from his office, as provided for in section 10, Act No. 99 of 1928.

He finally prays for a writ of mandamus to compel the state auditor to issue warrants for his salary at the rate of $208.33 per month, from March 1, 1931, "until he is legally removed."

Plaintiff's suit was dismissed on an exception of no cause of action, from which he prosecutes this appeal.

There is no intimation whatsoever in his petition or in the case that he has been removed from office. On the contrary, his allegations are to the effect that he has not been removed, and until that event occurs, he alleges, he is entitled to his monthly warrants of $208.33, from March 1, 1931.

His term of office under his allegations and according to the commission attached to his petition expired December 31, 1931. His claim is therefore for this monthly salary for ten months, dating from March 1, 1931, to December 31, 1931.

At $208.33 per month for that period of time, the claim amounts to a total of

$2,083.33. This is necessarily the amount involved in this case, which exceeds our jurisdiction.

It is therefore ordered and decreed that this case be transferred to the Supreme Court of this state under provisions of Act No. 19 of 1912, p. 25, within sixty days from the signing of this judgment.